61 F.3d 900
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PREMIUM SERVICE CORPORATION OF COLUMBIA, Plaintiff--Appellant,
v.
Employers Reinsurance Corporation, Defendant--Appellee.
Employers Reinsurance Corporation, Plaintiff--Appellee,
v.
Walker, Dehon & Smith Insurance Services, Incorporated,
Defendant--Appellant.
 Nos. 94-2422, 94-2434.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 12, 1995.
Decided July 31, 1995
 
 ARGUED: William Pearce Davis, BAKER, BARWICK, RAVENEL & BENDER, L.L.P., Columbia, SC, for Appellants. William Howell Morrison, HOLMES & THOMPSON, L.L.P., Charleston, SC, for Appellee. ON BRIEF: Trudy Y. Hartzog, HOLMES & THOMPSON, L.L.P., Charleston, SC, for Appellee.
 Before RUSSELL and WIDENER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Employers Reinsurance Corporation (ERC), a commercial insurance organization, issued a professional liability insurance policy to Walker, Dehon & Smith Insurance Services, Inc. (Walker), an insurance agency. It brought this declaratory judgment action to determine whether it was obligated to provide coverage for damages caused by Walker's negligent dissipation of loan proceeds that were intended to pay an insurance premium on behalf of one of Walker's customers. The sole issue on this appeal is whether an exclusionary clause in the ERC/Walker policy bars coverage. The district court found that the exclusionary clause applied and granted summary judgment to ERC. We affirm.
 
 
 2
 DL Enterprises (DL), a customer of Walker, needed workers' compensation coverage. Walker, on DL's behalf, applied to the National Council on Compensation Insurance (NCCI) for a workers' compensation policy. The yearly premium would have amounted to $143,903. Walker arranged for DL to borrow $79,150 of this amount from Premium Services Corporation (PSC), a company existing solely to lend insurance premium monies. Through a pre-existing agreement, PSC had authorized Walker to issue checks drawn upon a PSC account when initiating loans to Walker's customers. Accordingly, Walker issued a check for $79,150 from PSC's account, payable to Walker, which it deposited in its operating account. Walker then submitted a check for $143,903, representing the full amount of the premium, to NCCI, together with DL's application for a workers' compensation policy.*
 
 
 3
 For reasons not clear from the record, NCCI declined to issue the workers' compensation policy to DL and returned the premium check to Walker. The funds against which the check had been drawn remained in Walker's operating account until they were mistakenly spent to pay Walker's operating expenses. Walker admits that it should have returned $79,150 of these funds to PSC.
 
 
 4
 PSC sued Walker in state court, alleging that Walker had negligently breached its duty to return the loan proceeds to PSC after NCCI rejected DL's insurance application and that Walker had converted PSC's funds to its own use. The state court granted PSC's motion for summary judgment on its negligence cause of action. In the meantime, ERC, upon being notified of PSC's suit, denied coverage, contending the claim was barred by exclusion (f) of its policy, which precludes coverage of "claims for ... the failure to collect, pay, or return premiums." Apparently unable to pay the judgment, Walker assigned its rights against its insurer, ERC, to PSC, which subsequently filed a breach of contract and first party bad faith action against ERC in state court.
 
 
 5
 ERC then brought this declaratory judgment action against Walker in federal district court and removed PSC's action to the federal court. After considering the parties' cross-motions for summary judgment, the district court concluded that exclusion (f) applied because the funds that Walker had failed to return constituted a premium. PSC and Walker appealed to this court and stipulated to a consolidation of their appeals.
 
 
 6
 The parties appear to agree that there was no evidence of fraud or other intentional diversion of funds on Walker's part, but Walker concedes that it was negligent in spending the loan proceeds reposing in its operating account. In any event, it is now unable to repay the misspent money. ERC, which issued the professional liability policy to Walker, acknowledges that it would be liable under the policy in such circumstances were it not for exclusion (f), which excludes liability for "claims for ... the failure to collect, pay, or return premiums."
 
 
 7
 In the court below, PSC, the lender, contended that the claim it pursued was not for the return of a premium but for the return of loan proceeds. The district court, however, agreed with ERC, the insurer, that PSC's claim against Walker was based on the latter's failure to return a premium. It, therefore, granted summary judgment to ERC on its declaratory judgment action. We affirm.
 
 
 8
 The policy language is unambiguous in excluding coverage for a claim based on the failure to return a premium. A premium is defined in Black's Law Dictionary as "[t]he sum paid or agreed to be paid by an insured to the underwriter (insurer) as the consideration for the insurance." Id. at 1181 (6th ed.1990). We are of the view that PSC's action against Walker was clearly a "claim" for the return of a "premium." It was a premium that Walker forwarded (on behalf of DL), and it was the same premium that NCCI returned after declining coverage. The premium did not metamorphose into something else when PSC requested its return.
 
 
 9
 We are persuaded that Walker's behavior, involving negligent failure to properly distribute returned premiums, is exactly the type of conduct contemplated by exclusion (f) as barring coverage. The same rationale applies even though DL chose to borrow some of the money to pay the premium. PSC's attempt to create an exception for premiums procured through borrowed funds is simply unavailing.
 
 
 10
 In view of the above, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 The record does not show whether DL paid the remaining amount ($64,753) to Walker or whether Walker fronted the money on behalf of DL. In any event, only the $79,150 lent by PSC is at issue in this appeal